FLEMING, Administrator of the Wage and Hour Division, United States Department of Labor, v. GITLIN BROS. & RUSH, Inc.

No. 1153.

District Court, E. D. Pennsylvania.

Dec. 10, 1940.

Gerard D. Reilly, Sol., and Irving J. Levy, both of Washington, D. C., Asst. Sol., and J. M. Gallagher, Regional Atty., and Ernest N. Votaw, Atty., both of Philadelphia, Pa., all of United States Dept. of Labor, for plaintiff.

Louis Lipschitz, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

The plaintiff filed his complaint to enjoin the defendant from violating the provisions of Section 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, Title 29, U.S.C.A. Sec. 201 et seq.

The bill avers that the defendant is engaged in the production and distribution of ladies' purses and pocketbooks; that it employed approximately 112 employees; that the goods manufactured by it were made of raw materials, substantial quantities of which were purchased and transported in interstate commerce from and through states other than Pennsylvania; that the goods produced were sold and delivered in interstate commerce; that the defendant, between October 24, 1938 and October 23, 1939, had paid its employees less than twenty-five cents an hour for their employment in the production of goods for interstate commerce, and subsequent to October 23, 1939, had paid its employees, so engaged, less than thirty cents an hour; that between October 24, 1938 and October 23, 1939, the defendant had employed workers in the production of goods for interstate commerce for longer than 44 hours per work week without paying them one and one-half times their regular rate of pay for all hours worked over 44 in a work week, and that after October 23, 1939, it had employed them in the production of goods for interstate commerce longer than 42 hours in a work week without paying them one and one-half times their regular rate of pay for all hours worked over 42; and finally, the complaint alleged that the defendant failed to comply with regulations (Part 516) as to records of persons employed, wages paid and hours worked, which had been set up by the Administrator in accordance with the authority vested in him under the Act.

The defendant filed a motion for a bill of particulars and a more definite statement under Rule 12(e), 28 U.S.C.A. following section 723c, by which it asked that the plaintiff be required to set forth: (1) the names of defendant's employees, who were not paid wages in accordance with the Act and the dates of such underpayments; (2) the names of defendant's employees, and the dates on which the employees were not paid for excess hours and overtime at the rate of one and one-half times the regular rate; (3) the particulars in which the defendant's records did not comply with the regulations of the Administrator as to the keeping of records; and (4) the amounts that may be due and owing defendant's employees for failure to pay them in accordance with the Act, the names of the said employees and the dates on which the obligations for additional payment were incurred.

This complaint states the facts relied upon as a cause of action sufficiently enough to permit the defendant "properly to prepare his responsive pleading or to prepare for trial". This is all that is required under Rule 12(e) of the Rules of Federal Procedure. It is not necessary to set forth evidentiary facts such as here requested as they are not necessary to properly make answer, as all of the data requested is fully available to them and if deemed requisite eventually it may be secured through discovery, interrogatories, or depositions. Fried v. Warner Bros. Circuit Management Corp., D.C., 26 F. Supp. 603; Massachusetts Bonding & Insurance Company v. Harrisburg Trust Company, D.C., 27 F.Supp. 987.

The motion is dismissed.