WALLING, Administrator of Wage and Hour Division, U. S. Dept. of Labor, v. RICHMOND SCREW ANCHOR CO., Inc.

Civil Action No. 3364.

District Court, E. D. New York.

Oct. 28, 1943.

See also 52 F.Supp. 670.

Douglas B. Maggs, Sol., and Irving J. Levy, Associate Sol., both of Washington, D. C., John K. Carroll, Regional Atty., Irving Rozen, Sr. Atty., and Samuel Collins, Asst. Atty., all of New York City, all of United States Department of Labor, for plaintiff.

E. John Ernst, Jr., of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion for the following relief:

"for an order pursuant to Rule 34(1) directing the plaintiff to produce, at a time and place to be stated in the order, and permit the defendant to inspect and copy plaintiff's records of the names of the employees, whom the plaintiff claims the defendant under-paid, and any statements by or reports concerning the said employees and for a further order directing the plain-

tiff to produce upon five days notice all of his records containing evidence material to this case for use in connection with the depositions of witnesses which the defendant plans to conduct upon oral examination under Rule 30, Rules of Civil Procedure [28 U.S.C.A. following section 723c]."

The action was brought by the Wage and Hour Administrator pursuant to Section 17 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 217, to enjoin the defendant from violating Sections 15(a)(1) and 15(a)(2) of the said Act, 29 U.S.C.A. § 215(a)(1, 2), it being plaintiff's claim that the defendant violated Section 7, 29 U.S.C.A. § 207, by failing to pay proper overtime compensation for hours in excess of the statutory maximum.

A motion was heretofore made herein by the defendant to make the complaint more definite and certain or for a bill of particulars. This motion was denied by Judge Campbell on August 31, 1943. In a well considered opinion Judge Campbell decided:

"Paragraph V sufficiently shows when and how the defendant has, and is violating the Fair Labor Standards Act, and there is no necessity to make it more definite, to enable the defendant to answer.

\*   \*   \*   \*   \*   \*

"The defendant has but 65 employees, and must know what it has paid each of them, whereas the plaintiff could not furnish the information requested, with the names of the several employees, without an examination of the defendant before trial, and a bill of particulars, to enable defendant to answer, is not necessary, and should not be granted. Jacobs v. Peavy-Wilson Lumber Co. Inc., D.C., 33 F.Supp. 206. I also made a like decision in John F. Muldowney v. Seaberg Elevator Co., 1 F. R.D. 605, in this district.

"Further, it has been repeatedly held in actions for injunctions under the Fair Labor Standards Act, that the Government should not be required to give the names of the employees alleged to be underpaid, or worked over hours without additional compensation, and I am in accord with that holding. Fleming v. Gitlin Bros. & Rush, D.C., 1 F.R.D. 608; Jacobs v. Peavy-Wilson Lumber Co. Inc. supra; Fleming v. Cudahy Packing Co., E. D. Tenn., July 11, 1941 [1]; Jacobs v. Atlantic Coast Line R. Co., E. D. Va., Oct. 30, 1939 [1]; Fleming v. Swift & Co., N. D. Ill., May 15, 1940.[1];

---

[1] No opinion for publication.

Fleming v. Two States Fruit Package Co., E. D. Tex., May 28, 1940[1]; Fleming v. Max Logging Co., D. Minn., Sept. 6, 1941[1]; Saxton v. W. S. Askew Co., 35 Fed.Supp. 519; Townsend v. New York C. R. Co., N. D. Ill., April 5, 1940[1]; Walling v. Norcross, S. D. N. Y., Feb. 23, 1943[1]; Fleming v. Helitzer Bros. & Co., S. D. N. Y., Jan. 17, 1942[1]; Walling v. Kleansberg Steamship Co., D. N. J., Nov. 30, 1942[1]; Fleming v. Galesworthy, D. N. J., June 9, 1941[1].

"No holding to the contrary in this Circuit has been cited."

The effect of Judge Campbell's decision is, that the complaint is sufficiently definite to enable the defendant to answer and that it did not require information by way of a bill of particulars to enable it to answer. Judge Campbell was not dealing with the proof necessary at the trial but only with the two questions, namely, whether the complaint was sufficiently definite and certain and whether a bill of particulars was required in order to enable the defendant to answer. The defendant has since answered.

Arthur J. White, the Regional Director for Region II of the Wage and Hour and Public Contracts Division of the United States Department of Labor, has submitted an affidavit in opposition to the motion in which he states:

"One of the most important duties entrusted to the Administrator by the Fair Labor Standards Act of 1938 is that of enforcing the provisions of the Act by instituting legal action when necessary. The Administrator is authorized by Sections 11 (a) and 17 of the Act to institute action to restrain violations of the Act. The powers of the Administrator are derived from Section 11 (a) of the Act which provides:

" 'Sec. 11 (a) The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this Act, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of the provisions of this Act. Except as provided in section 12 and in subsection (b) of this section, the Administrator shall utilize the bureaus and divisions of the Department of Labor for all the investigations and inspections necessary under this section. Except as provided in section 12, the Administrator shall bring all actions under section 17 to restrain violations of this Act.'

"In connection with the conduct of inspections pursuant to statutory authority, a Regional Office, of which I am the Director, is maintained at 341 Ninth Avenue, in the City of New York. The inspectors making these investigations work under my direct supervision and I, in turn, am subject to the rules and policies promulgated by the Administrator for the Wage and Hour Division. Virtually all exchanges of information among such inspectors and their superior officers are in the form of written reports and correspondence. Accordingly, it is necessary that such reports of inspections be developed fully and contain all matters affecting policy which the inspector desires to call to the attention of his superior officers in connection with the inspection being conducted. Inspectors are required and encouraged to comment freely in such reports and to include many matters which are of a highly confidential nature and which deal with various aspects of policy involved in the internal administration of the Wage and Hour Division.

"A necessary precaution which all inspectors must heed is that the information and data which they obtain be kept in strictest confidence. Employees and other complainants are loathe to make complaints of violations of the Act unless they can be assured that their identities and the information they impart will not be disclosed. It is our desire to protect such individuals against any possible reprisals or discrimination. The same need for protecting identity against disclosure exists in the case of other witnesses whose testimony may be needed upon the trial of actions brought to restrain the violations of the Act. Unless the agents and officers of the Division are able to assure such complainants and employees against disclosure of their identities, it will be impossible to secure free disclosure by them of violations of the Act and will make enforcement of the statute extremely difficult, if not impossible.

"The matter sought by the defendant in its notice of motion would, if permitted, re-

---

[1] No opinion for publication.

268

veal to the said defendant Government reports on matters of important policy which must be kept entirely confidential so as to insure the proper functioning of the Wage and Hour Division, and for the effective enforcement of the Fair Labor Standards Act. It will permit the defendant to pry into the internal administration of the Act and intra-departmental policies.

"In view of these considerations, it has always been essential to the proper public administration of any statute to provide against disclosure of such confidential reports and, communications. Accordingly, the regulations of the Wage and Hour Division governing the conduct of investigators provide:

" 'No investigator shall disclose to any unauthorized person any information obtained in an official capacity.

" 'No investigator should respond to any subpoena relating to any official matter until he has notified his superior and obtained permission to appear. No books, papers, records or documents in the possession of any investigator should be produced in response to any subpoena unless such production has been authorized by the proper superior.'

"Furthermore, pursuant to the provisions of Revised Statutes 161 (5 U.S.C.A., § 22) the United States Department of Labor adopted certain regulations which since 1915 have forbidden the disclosure of official records unless the head of the Executive Department specifically authorizes such disclosure after determining that access to such records would not defeat the public interest. Article III of the Regulations of the Department of Labor provides as follows:

" 'Section 1. No account, letter, record, file, or other document or paper in the custody of the Department, or of any bureau, office, or officer thereof, shall on any occasion be taken or withdrawn by any agent, attorney, or other person not officially connected with the Department; no exception will be made without the written consent of the Secretary.

" 'COPIES

" 'Section 2. Copies of accounts, letters, records, files, and other documents or papers shall not be furnished to any person except with the written consent of the Secretary. Such written consent will be granted only to such person as may have a personal, material interest in the subject matter of the papers or at their request. Applications for copies of documents, accounts, records, or files should be made to the Secretary and should be accompanied by an affidavit setting forth the interest of the applicant and showing the reason why and the purpose for which the copies are desired. Except where requests are made by the Attorney General under Section 188 of the Revised Statute [5 U.S.C.A. § 92] for evidence attaching the claim of persons suing the United States in the Court of Claims or by persons making the application and affidavit provided for in the Act of August 13, 1894, as amended by the Act of February 24, 1903 [1905] (33 Stat. L., 812) copies of accounts, letters, documents, records, or other papers desired by or on behalf of parties to causes pending in any court shall be furnished only to the court on an order or a rule of the Court, requesting the Secretary to furnish the same, and then only when the production of such copies will not, in the judgment of the Secretary, be prejudicial to the Government or the public interest. No exception will be made without the written consent of the Secretary.' (Regulations of the Department of Labor 1915, pp. 83, 84.)

"Those records called for by the defendant in its notice of motion which are in the possession of the deponent, are official records of the Wage and Hour Division, United States Department of Labor. The Secretary of Labor has not given the written consent referred to in the above-quoted regulations for the production of the said records.

"The documents called for by the motion are entitled to be kept in strictest confidence.

"To permit production of the records sought by the defendant, would establish a precedent which would compel the Division to alter drastically its procedure and policy so as to exclude from such reports any confidential material. This would prevent free comment, criticism and discussion by inspectors of matters arising in the course of their duties, and these are necessary for the proper administration and enforcement of the Fair Labor Standards Act. The disclosure of such information would seriously hamper the deponent in his administrative duties and would be contrary to the public interest and to public policy."

■ It appears from Mr. White's affidavit that the reports and records are of a

confidential character and that the disclosures requested, such as the names of the employees of the defendant who have given information to the plaintiff, might seriously affect the functioning of the Wage and Hour Division as other employees and other complainants might be loath to make complaints of violations of the Act unless they could be assured that their identities and the information which they would impart would not be disclosed. Information of such employees and complainants is of such a highly confidential character that it is privileged and plaintiff should not be required to furnish such information to the employer. The disclosure of such records would in fact be prejudicial and inimical to the best interest of the Government and therefore privileged.

In the fifth paragraph of the complaint the plaintiff alleges:

"Defendant repeatedly has violated and is violating the provisions of Sections 7 and 15 (a)(2) of the Act by employing many of its employees in the production of goods for interstate commerce, as aforesaid, for workweeks longer than 40 hours since May 1942, without compensating said employees for their employment in excess of 40 hours, in workweeks during such period, at rates not less than one and one-half times the regular rate at which they were employed."

█ Upon the trial the plaintiff will be required to establish which of the defendant's employees were underpaid, naming them. How can this information which must be disclosed at the trial be regarded as confidential and therefore privileged? If such information is required upon the trial, can there be any harm in plaintiff supplying such information in advance of the trial? It seems not. How then can the plaintiff be in any wise prejudiced by giving the defendant this information in advance of the trial if it be not required to produce its records for the inspection of the defendant? The answer seems obvious that it cannot be. This information might be obtained under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or at a pre-trial hearing (Rule 16 of the Federal Rules of Civil Procedure). The United States Government is in no different position than any ordinary litigant and is, therefore, bound by the Rules of Civil Procedure in the same respects as an ordinary litigant. See Fleming v. Bernardi, D.C., 1 F.R.D. 624.

The defendant seeks relief under Rule 34 (1) of the Federal Rules of Civil Procedure. It is endeavoring to examine reports of plaintiff's investigators. Such reports are hearsay and could not aid the defendant in any wise in determining the question which will arise at this trial, that is, whether the defendant failed to pay proper overtime compensation for hours of employment in excess of the statutory maximum.

█ There may be instances under the Rules where it is highly desirable and permissible for a party to examine reports and documents even though they be of hearsay character. This is not such a case. Reports of investigators which would be regarded as hearsay may under certain circumstances, which do not exist here, be examined by an adverse party to enable it, for example, to prepare its cross-examination and to otherwise prepare for trial. The Court will not refuse an examination of records and reports of investigators merely because they will be regarded as hearsay—to do so would defeat the purposes of the Federal Rules of Civil Procedure. These Rules are salutary in effect and enable the Court to at least approximate moral justice under the law.

█ Plaintiff argues that the motion should be denied for the reason that the reports, statements and records are confidential and privileged. Rule 34 of the Federal Rules of Civil Procedure exempts inspection of documents, papers, books, etc. which are privileged. If it is a fact that plaintiff's records are of a confidential nature they would be deemed privileged and not subject to inspection.

█ This Court refuses to go so far as to decide that any and all records of a governmental agency are of a confidential nature and therefore privileged. It may very well be that in a proper case the Court would direct a governmental agency to disclose a record in its possession. The record must really be of a confidential nature, it cannot be merely thought to be such. The claim that it is of a confidential character cannot be fancied, it must be of substance and cannot be based on whim or caprice. The Court is not bound by the claim of privilege unless in fact the records are of a confidential nature or might prove prejudicial to the Government or to the public interest. Then and then only are they privileged.

Issue having been joined herein this would seem to be a proper case for pre-trial under Rule 16 of the Federal Rules of Civil Procedure, at which time the Court could then determine whether the plaintiff should disclose to the defendant the names of the employees who were underpaid and the amount which plaintiff claims the defendant failed to pay as overtime compensation to such employees.

Settle order in accordance with this opinion leaving the date in blank for the pre-trial hearing.