George P. SHULTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

MANOR HOUSE OF MADISON, INC., a Corporation, Defendant.

No. 70–C–1.

United States District Court, W. D. Wisconsin.

July 20, 1970.

L. H. Silberman, Sol. of Labor, Herman Grant, Regional Sol., John C. Nangle, Attorney, U. S. Department of Labor, Chicago, Ill., for plaintiff.

Thomas E. Weil, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for injunction brought by the Secretary of Labor pursuant to § 17 of The Fair Labor Standards Act, 29 U.S.C. § 217. The Secretary's complaint charges the defendant with violations of provisions of the Act banning sexual discrimination in paying wages, 29 U.S.C. § 206(d) (1).[1]

1. The complaint contains these paragraphs:

"II

"Defendant MANOR HOUSE OF MADISON, INC., is and at all times hereinafter mentioned was a Wisconsin corporation having an office and place of business at 1347 Fish Hatchery Road, Madison, Dane County, Wisconsin, within the jurisdiction of this court, where it is and at all times hereinafter mentioned was engaged in the operation of a nursing home.

"III

"Defendant is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and it is and at all times hereinafter mentioned was an enterprise within the meaning of [29 U.S.C. § 203(r)].

"IV

"Defendant is and at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of [29 U.S.C. § 203(s) (4)], in that said enterprise is and has been engaged in the operation of an institution primarily engaged in the care of the sick and the aged who reside on the premises of such institution and has and has had employees engaged in handling, selling, or otherwise working on goods that have been moved in or produced for commerce.

"V

"During the period since July 19, 1967, defendant, an employer having employees subject to the provisions of section 6 of the Act, as aforesaid, has repeatedly violated, and it is violating, the provisions of [29 U.S.C. §§ 206(d) and 215(a) (2)] by discriminating, within its aforesaid establishment in which such employees have been and are employed, between employees on the basis of sex by paying wages to employees in such establishment at rates

The defendant has moved for a more definite statement. Rule 12(e), Federal Rules of Civil Procedure. He requests that the Secretary be required to include in his complaint: A detailed statement of all facts which show that the defendant constitutes an enterprise within the meaning of 29 U.S.C. § 203(r); a detailed statement of the "nature, kind, type, number, and date of each act of discrimination;" a detailed statement of degree of skill, effort, and the responsibilities and working conditions of each job; the name, address, and contents of the statement of each person interviewed during the course of the investigation preceding the filing of the complaint; the names of the employees involved in each act of discrimination; and the amount, time, and type of payment of each discriminatory wage.

Rule 12(e) provides in part, "If a pleading to which a responsive pleading is permitted is so *vague* or *ambiguous* that a party *cannot reasonably be required to frame a responsive pleading*, he may move for a more definite statement before interposing his responsive pleading." (Emphasis supplied.) Prior to its amendment in 1948, the language of the rule was much broader. It read that a party might "move for a more definite statement *or for a bill of particulars* of any matter which is not averred with sufficient *definiteness* or *particularity* to enable him to prepare his responsive pleading *or to prepare for trial*." (Emphasis supplied.) Reference to "bill of particulars" and preparation for trial were dropped from the amended rule. Moreover the words "definite-

ness" and "particularity" were changed. This was because these matters could be better handled under the discovery rules.[2] Even before the rule was amended, most courts had read the words "or to prepare for trial" out of the rule and limited its application to particulars needed to prepare a responsive pleading. See cases cited in 1A Barron & Holtzoff, Federal Practice and Procedure, § 362, p. 425 n. 8 (1960 Wright Supplement). In Mitchell v. E–Z Way Towers, 269 F.2d 126, 132 (1959), the Court of Appeals for the Fifth Circuit stated:

> "In view of the great liberality of F.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. It is to be noted that a motion for more definite statement is *not* to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose."

See also 1A Barron & Holtzoff, *supra*, § 362 and numerous cases cited therein.

Applying Rule 12(e) to the case before me, I see no reason why the defendant, from its knowledge of its own records, payrolls, and operations, would be unable to either admit or deny the allegations concerning coverage and violations. If the defendant does not in good faith believe that it has violated the Act, or that its operations were subject to

---

less than the rates at which it pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."

2. In recommending the 1948 revision, the Advisory Committee stated:
"* * * the motion provided for is confined to one for a more definite

statement, to be obtained only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question. With respect to preparations for trial, the party is properly relegated to the various methods of examination and discovery provided in the rules for that purpose." 3A Barron & Holtzoff, Federal Practice and Procedure, 437 (1958 Wright Supplement).

the Act, it can say so by denying the allegations in the complaint and an issue will be drawn. The same is true if defendant is uncertain of the interpretation of the law or the underlying facts, and therefore entertains a genuine doubt about coverage of one or more employees, or compliance with 29 U.S.C. § 206(d) (1). The defendant will have ample opportunity to obtain detailed evidentiary information under the discovery rules. Rules 26–37, Federal Rules of Civil Procedure. This evidentiary detail is neither a necessary part of the complaint under F.R.Civ.P. 8, nor is it needed to frame a response under Rule 12(e).

The motion for a more definite statement is hereby denied.