George P. SHULTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

CLAY TRANSFER COMPANY, Inc., a Corporation, and Wiley W. Clay, Defendants.

Civ. No. 1191.

United States District Court, E. D. North Carolina, Wilson Division.

Sept. 1, 1970.

Beverley R. Worrell, Regional Sol., U. S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Walter J. Early, of Early & Chandler, Rocky Mount, N. C., for defendants.

## MEMORANDUM OPINION AND ORDER

LARKINS, District Judge:

Now comes this cause before the Court upon Defendants' Motion to Dismiss Wiley W. Clay as a party-defendant and Defendants' further Motion for a "Bill of Particulars", filed with this Court on July 1, 1970. Defendants ground their motions on the contentions that Plaintiff's Complaint in its entirety and in particular Paragraphs II B, IV, V, VI, VII are not averred with sufficient definiteness to allow Defendants to prepare a response and that Mr. Wiley W. Clay is not an "employer" within the Fair Labor Standards Act's coverage. Plaintiff has responded and the Court will now proceed to rule thereon.

## CONCLUSIONS OF LAW

 The Court elects to treat Defendants' Motion for a Bill of Particulars as a Motion for a More Definite Statement governed by Rule 12(e) of the Federal Rules of Civil Procedure. Under Rule 8, the pleadings are sufficient if they state in plain and simple terms the claim for relief. Thus the Rules have adopted a system of "notice pleadings". A complaint is sufficient to withstand a motion for a more definite statement if it gives notice sufficient to enable the parties to form a response. It is not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for such purposes. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126 (5th Cir., 1959). Because of the above, the Court finds as a matter of law that Plaintiff's Complaint is sufficient to enable the Defendants to respond.

Title 29, U.S.C.A. Section 203(d) of the Fair Labor Standards Act defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." Defendant Wiley Clay's status as vice president and general manager of defendant corporation is sufficient to place him as an employer within the meaning of the Act.

## ORDER

Now therefore, in accordance with the foregoing, it is:

Ordered, that the Motion for a More Definite Statement be and the same is hereby, denied;

Further ordered, that the Motion to Dismiss be and the same is hereby, denied.

Let this order be entered forthwith.