James D. HODGSON, Secretary of Labor, United States Department of Labor, Appellant,

v.

VIRGINIA BAPTIST HOSPITAL, INC., Appellee.

No. 72–1191.

United States Court of Appeals, Fourth Circuit.

Argued March 8, 1973.

Decided June 19, 1973.

Rehearing Denied Sept. 10, 1973.

Donald S. Shire, Atty., U. S. Dept. of Labor (Richard F. Schubert, Sol. of Labor, Carin Ann Clauss, Associate Sol., Washington, D. C., Eldon E. Silverman, Denver, Colo., and Marvin Tincher, Regional Atty., Nashville, Tenn., on brief), for appellant.

William B. Poff, Roanoke, Va. (Ronald M. Ayers, and Woods, Rogers, Muse Walker & Thornton, Roanoke, Va., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

The single issue presented by this appeal is whether the district court erred in ordering the United States Secretary of Labor to amend his complaint against the Virginia Baptist Hospital, Inc. to include a more definite statement of his claim. When the Secretary declined to expand his complaint, the district court dismissed the action, and the Secretary appealed this order of dismissal. Because we conclude that the complaint furnished sufficient information to permit the hospital to prepare an answer, we vacate the judgment of the district court and remand the case for further proceedings.

The Secretary's complaint alleged that the hospital had its place of business in the western district of Virginia, that it engaged in interstate commerce, and that the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (1970), conferred jurisdiction on the district court. The complaint further charged that, since September 15, 1968, the hospital had repeatedly violated the Act by failing to pay all its employees the minimum wage required by the Act, by paying wages that discriminated on the basis of an employee's sex, by employing persons for more than forty hours a week without paying them overtime rates, by failing to keep accurate records, and by employing oppressive child labor. The complaint identified the sections of the Act which the hospital had allegedly violated, and it requested injunctive relief.

The hospital moved for a more definite statement. It requested the Secretary to specify the names of the employees paid less than the minimum wage and the wages paid each of these employees; the jobs in which the hospital practiced sex discrimination, the employees in those jobs, and the wages paid to each employee; the names of the employees who did not receive overtime pay and the weeks in which these employees were entitled to overtime pay; the particular records that the hospital had failed to maintain as required by the Act; and the names of employees whose employment constituted oppressive child labor, the hours worked by each of these employees, and the particular manner in which their employment violated the Act. The district court, ruling that a plaintiff must plead the facts within his knowledge on which he bases his claim, ordered the Secretary to amend his complaint to allege all the information requested by the hospital.

The district court's order, we believe, misconstrued the role of pleading under the Federal Rules of Civil Procedure. Rule 12(e), which authorizes the motion for a more definite statement, must be read in conjunction with Rule 8, which establishes the general rules for pleading. Rule 8(a) makes three elements mandatory in a complaint: (1) a statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment.[1] Rule 12(e) allows a defendant to move for a more definite statement if the complaint

---

1. Rule 8(a) of the Federal Rules of Civil Procedure provides:
    "*Claims for Relief.* A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . .

    (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

"is so vague or ambiguous that [he] cannot reasonably be required to frame a responsive pleading."[2]

A major aim of American procedural reform has been to reduce reliance on pleadings to refine the evidentiary basis for a litigant's claim.[3] The early state procedure codes, modeled after the New York code drafted by David Dudley Field, tried to simplify common law pleading by requiring a complaint to state "the facts constituting each cause of action."[4] Judicial hostility to the codes, however, generated complex distinctions between law, facts, and evidence to nullify the attempt to simplify pleading.[5] To avoid these technicalities, the drafters of the Federal Rules substituted the word "claim" for "cause of action," dropped the requirement that the complaint allege "facts," and expanded discovery procedures,[6] but even these changes were not entirely successful.[7] To clarify the original intent of the rules, the bill of particulars was abolished by the 1946 amendments which became effective in 1948. The same amendments restricted the motion for a more definite statement to pleadings so vague or ambiguous that the opposing party could not frame an appropriate response.[8]

Judged by the standard set forth in Rule 12(e), the Secretary's complaint was sufficient to require the hospital to respond. The complaint stated the jurisdictional grounds for the claim, identified the sections of the Act that the

2. Rule 12(e) of the Federal Rules of Civil Procedure provides:

   "*Motion for More Definite Statement.* If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

3. *See generally* Clark, Code Pleading §§ 7–12, 38 (2d ed. 1947); James, Civil Procedure §§ 2.1–2.13 (1965); 2A Moore, Federal Practice § 8.03 (1972); 5 Wright & Miller, Federal Practice & Procedure: Civil § 1202 (1969).

4. James, Civil Procedure 66 (1965). *See also* Clark, Code Pleading § 38 (2d ed. 1947).

5. Clark, Code Pleading 83 (2d ed. 1947).

6. Clark, Code Pleading 241 (2d ed. 1947); James, Civil Procedure 84 (1965).

7. In a 1939 speech to the New York County Lawyers Association, Charles E. Clark, the Reporter for the Advisory Committee on Rules for Civil Procedure, explained how some litigants were abusing the bill of particulars:

   "The difficulties and dangers of this legalistic approach to the rules are shown by a development, which might be amusing if it were not serious. I refer to the practice as to motions for bills of particulars which I am told is already developing in the district courts here. Under the new rules (R. 12, e) the practice of securing a bill of particulars, a weapon exquisitely designed to delay a cause and to make the pleadings technical, detailed, and therefore useless, and for little-else, is narrowly limited. . . . .

   " . . . Down here when in doubt as to your case you move for a bill of particulars, and when not in doubt you move anyway. Your able Judicial Council diagnosed the evil of too many such bills delaying the cases; but its remedy—semi-automatic granting of the order—seems to me almost worse than the disease. . . .

   "The trouble is that you have confused the pleadings with the evidence. Pleadings cannot supply the place of proof to try your case. Their function is only to set the general boundaries of the action and to provide the basis for res adjudicata or the binding force of the final judgment to be rendered. If you need facts about the case before trial from your opponent, you should get them by deposition and discovery." Clark, The Bar & the Recent Reform of Federal Procedure, 25 A.B.A.J. 22, 23 (1939) (footnote omitted).

8. Advisory Committee on Rules for Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 433, 444 (1946). *See also* James, Civil Procedure 133 (1965); Clark, The Amended Federal Rules, 15 Brooklyn L.Rev. 1, 8 (1948).

hospital had allegedly violated, described the nature of the violations, specified the period of time in which they occurred, and notified the hospital of the relief the Secretary sought. The hospital could rely on its records to admit or deny any of the charges. If the hospital did not know whether some of the Secretary's allegations were true or false, Rule 8(b) would permit it to plead that it lacked sufficient information to form a belief as to the truth of the allegations and would give this plea the effect of a denial. If the hospital thought that the Secretary lacked facts to support his allegations, it could establish by affidavit its compliance with the law and move for summary judgment under Rule 56. If it wanted to discover the facts on which the Secretary based his claim, it could use the discovery devices of Rules 26 to 37.

Before 1948, district courts differed over whether defendants were entitled to have the Secretary's boiler plate Fair Labor Standards Act complaint amplified by allegations of the facts.[9] But since the amendment of Rule 12(e), this split of authority has largely disappeared. The only two courts of appeals that have considered the question have ruled that it is error to require the Secretary to augment his complaint by a more definite statement of the facts pertaining to the violations he has charged.[10] The great majority of district courts have also accepted this interpretation of Rule 12(e),[11] and the leading commentators agree that these decisions correctly implement the purpose of the rules.[12]

■■ We do not hold that requiring a limited expansion of a complaint is never appropriate under Rule 12(e), for that is a matter generally left to the district court's discretion. But when the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules. Prompt resort to discovery provides adequate means for ascertaining the facts without delay in maturing the case for trial.[13]

Accordingly, the judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion. The government shall recover its costs.

ALBERT V. BRYAN, Senior Circuit Judge (dissenting):

No fault can be found in the majority's precise and comprehensive exposition of the Federal Rules of Civil Procedure. However, the Rules are there considered entirely in the abstract. My point is that, in the actualities of this case the District Judge correctly sustained the defendant's motion for a more definite statement. In holding to the contrary, the decision disregards the overriding and practical aim of the Rules—to simplify pleading and to expedite the cause.

The Secretary pressed in argument that the District Judge should be reversed solely because he granted the defendant's motion instead of requiring

9. *See e. g.* Fleming v. Dierks Lumber & Coal Co., 39 F.Supp. 237 (W.D.Ark.1941) (motion granted) ; Fleming v. Gitlin Bros. & Rush, Inc., 1 F.R.D. 608 (E.D. Pa.1940) (motion denied). *See also* 2A Moore, Federal Practice 2386 (1972).

10. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126 (5th Cir. 1959) ; Vecchia v. Fairchild Engine & Airplane Corp., 171 F.2d 610, (2d Cir. 1948).

11. *See e. g.* Schultz v. Manor House of Madison, Inc., 51 F.R.D. 16 (W.D.Wis.

1970) ; Shultz v. Clay Transfer Co., 50 F.R.D. 480 (E.D.N.C.1970). *See also* 2A Moore, Federal Practice § 12.18 n. 5 (1972).

12. *See* 2A Moore, Federal Practice § 12.18 (1972) ; 5 Wright & Miller, Federal Practice & Procedure: Civil § 1376 (1969).

13. *See* Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir.1959).

the defendant to employ the discovery provisions of the Rules. Quite candidly the Secretary conceded that, although he had the information sought by the Hospital readily at hand, he opposed the motion because he "did not want to have to live with the precedent of putting all of [his] proof in [his] complaint". Therefore, he insisted that the Hospital go to the expense and effort of time-consuming discovery.

No one questions that discovery is the usual course; that is hornbook. But where this cumbersome procedure can be avoided, I see in it no affront to the Rules. The Rules are not so inflexible as not to tolerate any deviation from some of their steps when to do so will, because of exceptional circumstances, achieve the Rules' aims—simplicity and expedition—without the merest prejudice to any party. Otherwise, the overall ambition of the Rules is thwarted by the Rules themselves. Moreover, any information given responsively to the motion would not have constituted proof. Apparently this was the District Judge's construction.

The logic of his stance upon the Secretary's refusal to obey the Court's orders in the Hospital's motion is starkly revealed by recounting the impediments the Secretary interjected into the progress of the suit. Instead of obtaining the information at once or within 10 days, Rule 12(e), without any inconvenience whatsoever to the Secretary, the Hospital is now relegated to the observance of the long stages of discovery, as though they were indispensable to the plaintiff. In lieu of immediate receipt of the desired information, the Hospital must:

1. State in its answer that the Hospital was "without knowledge or information" as to the truth of any averment in the complaint in that category, all of which would have been furnished at once on the Hospital's motion.

2. Prepare and serve interrogatories, or take depositions, to gain this knowledge or information.

3. Wait 30 days for objections or answers to interrogatories. Rule 33(a).

4. Seek a hearing before the Court on the objections, if any.

5. Await the decision of the Court on the objections.

6. Await the answer by the adversary party to any interrogatory found unobjectionable.

7. Examine all answers to ascertain if they were sufficient.

8. Except to any answer believed insufficient.

9. Seek a hearing before the Court on the exceptions.

10. Await decision thereon.

Pursuit of such prolongation of procedure is costly both in money and in time. It should not be imposed upon a defendant when, as in the special circumstances of this case, the whole of it could have been obviated through the Secretary's compliance with the Hospital's motion, which he could do at once, easily and without a shadow of prejudice. The Rules are not so sacrosanct that we dare not apply them practically.

I would affirm.