EMBRY, Justice.
Plaintiffs, Carolyn Nix and Kenneth Nix, appeal from the dismissal of their action as to defendant, Dr. Walter L. Hogan, for failing to timely comply with an order of the trial court requiring them to file a second more definite statement of their claim. We reverse and remand.

*23
The Issue

(1) Did the trial court err to reversal by granting Dr. Hogan’s second motion for more definite statement and by later dismissing plaintiffs’ action for failing to comply with that order?

The Facts

This action is brought under the Alabama Medical Liability Act. Dr. Walter L. Hogan, Dr. L. Steve Weinstein, Springhill Memorial Hospital, Inc., Mobile Infirmary, Inc., Dr. C. J. Lilly (added by amendment), and Dr. J. D. Lee (added by amendment) are defendants in this action. The complaint alleges that Dr. Hogan and Dr. Wein-stein negligently performed a laparoscopic tubal ligation on Carolyn Nix for the purpose of sterilization. The complaint further alleges that as a result of those two doctors’ negligence, Carolyn Nix was not sterilized and she later became pregnant. Further, that Dr. Hogan and Dr. Weinstein negligently failed to diagnose the medical fact that Carolyn Nix was pregnant and, thus, negligently ordered X-rays of her during the beginning stage of her pregnancy which proximately resulted in the unborn child being medically aborted, causing the child’s death.[1]
Most of the defendants, including Dr. Hogan, filed motions for a more definite statement under Rule 12(e), ARCP. After the motions were granted, plaintiffs complied with the trial court’s orders requiring more definite statements to be filed.[2]
Dr. Hogan filed a second motion for a more definite statement; the court granted that motion on 14 February 1979. In the order granting the motion, the trial court ordered the Nixes to furnish a more definite statement, giving them sixty days to comply or suffer dismissal, without prejudice, of their action as to Dr. Hogan. Before the end of the sixty day period, Dr. Hogan filed an answer to the Nixes’ complaint. Attorney for the Nixes mailed their second more definite statement on the sixtieth day from the date of the court order: on Sunday, 15 April 1979. On 17 April 1979 the trial court dismissed, without prejudice, the Nixes’ cause as to Dr. Hogan for failing to comply with the 14 February 1979 order. The circuit clerk’s office received the Nixes’ more definite statement on 18 April 1979. The statement was almost identical to the other more definite statement previously filed by the Nixes.
The Nixes’ motion to set aside the order dismissing their action as to Dr. Hogan was denied and a Rule 54(b), ARCP, final order as to Dr. Hogan’s dismissal was entered. This appeal ensued.

The Decision

The Nixes argue that the Rule 12(e), ARCP, motion for more definite statement is quite restrictive in its application and was improperly applied in this case. We agree and reverse.
Rule 12(e), ARCP, states:
“(e) Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.”
The Committee Comments to Rule 12 makes the following statement concerning section (e):
“Rule 12(e) provides the only remedy for a pleading thought to be vague or ambiguous. The motion it authorizes is proper only where a responsive pleading is permitted. And the motion may be granted only where it is needed to permit *24 the moving party to prepare such a responsive pleading. The motion may not be granted in order to clarify the issues or to give the moving party information needed to prepare for trial. The bill of particulars is abolished. 5 Wright & Miller, Federal Practice and Procedure, § 1375 (1969).”
It was made known to this court during oral argument that it has become the practice of the trial courts in the Mobile Circuit to utilize the Rule 12(e) motion, as was done in this case, to clarify the issues in cases in order to control the docket. This is clearly in derogation of the principles set forth in Rule 8, ARCP. That rule states in pertinent part:
“(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.
* * * * * *
“(e) Pleading to be Concise and Direct; Consistency. (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.
* * * * * *
“(f) Construction of Pleadings. All pleadings shall be so construed as to do substantial justice.” (Emphasis added.)
This is an abuse of the Rules of Civil Procedure which cannot be permitted. The federal courts, likewise, have not allowed Rule 12(e) to be thusly utilized and abused. See generally, 2A Moore’s Federal Practice, ¶ 12.18; 5 Wright & Miller, Federal Practice and Procedure, §§ 1374-1379 (1969). See, e. g., Hodgson v. Virginia Baptist Hospital, Inc., 482 F.2d 821 (4th Cir. 1973); Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126 (5th Cir. 1959).
It is clear to this court that the Nixes’ complaint, pertinent portions of which are attached as Appendix A to this opinion, met the requirements of Rule 8; certainly there could be no question that the complaint complied with Rule 8 after the Nixes filed their first more definite statement, pertinent portions of which are attached as Appendix B to this opinion. This conclusion is supported by the fact that Dr. Hogan filed an answer to their complaint. The Nixes suffered severe prejudice by the dismissal of their action as to Dr. Hogan in light of the fact the statute of limitations had run at the time of the dismissal of the action against him.
For the reasons enumerated, the judgment of the trial court must be, and is hereby, reversed, and the cause remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, AL-MON and BEATTY, JJ., concur.
APPENDIX A
COMPLAINT
1.
Defendants Walter L. Hogan, M.D. and L. Steve Weinstein, M.D., are residents of Mobile County and are subject to the jurisdiction of this Court.
2.
Defendants Springhill Memorial Hospital, Inc. and Mobile Infirmary, Inc. are corporations whose principle [sic] places of business are in Mobile County and are subject to the jurisdiction of this Court.
3.
On or about April 20, 1976 defendants Walter L. Hogan, M.D. and L. Steve Wein-stein, M.D. performed a laparoscopic tubal ligation on plaintiff for purposes of sterilization.
4.
Defendants Walter L. Hogan, M.D. and L. Steve Weinstein negligently performed the laparoscopic tubal ligation in that the procedure did not render plaintiff sterile.
*25 As the proximate cause of the negligence of defendants, plaintiff became pregnant.
k
Defendants Walter L. Hogan, M.D. and L. Steve Weinstein, M.D. further negligently failed to diagnose the medical fact that plaintiff was pregnant. Defendants negligently ordered x-rays of plaintiff taken during the beginning stage of plaintiff’s pregnancy, causing malformation of the unborn child. As the proximate cause of the negligence of defendants the unborn child was required to be medically aborted, causing its death.
6.
The negligence of defendants Walter L. Hogan, M.D. and L. Steve Weinstein, M.D. was a departure from the accepted standards of medical care in the community and as the proximate cause of this departure plaintiff Carolyn Nix was injured and the unborn child was wrongfully killed.
7.
Defendants Springhill Memorial Hospital, Inc. and Mobile Infirmary, Inc., which both rendered health care services to plaintiff before and during the tubal ligation and the giving of the x-rays, negligently provided, as corporations and by and through its agents and servants, health care to plaintiff.
8.
The negligence of defendant Springhill Memorial Hospital, Inc. and Mobile Infirmary, Inc. was a departure from accepted standards of medical care in the community and as the proximate result plaintiff was injured and the unborn child was wrongfully killed.
9.
The fictitious persons named as defendants in this action are providers of health care services whose negligent acts concurrent with those of the other defendants contributed to and were a proximate cause of the injuries to plaintiff and wrongful death of the unborn child. The negligence of the fictitious defendants was a departure from the accepted standards of medical care in the community.
WHEREFORE, plaintiffs Carolyn Nix and Kenneth Nix, father of the unborn child, demand judgment against defendants as allowed by law.
APPENDIX B
IN THE CIRCUIT COURT OF MOBILE COUNTY, STATE OF ALABAMA
CAROLYN NIX and KENNETH NIX, * As the Father of His Unborn Child,
Civil Action No. CV-78-000631
Plaintiffs,
v.
WALTER L. HOGAN, M.D., et al.,
PLAINTIFFS’ MORE DEFINITE STATEMENT TO DEFENDANT WALTER L. HOGAN, M.D.
Defendants
Pursuant to order of the Court dated May 30, 1978 plaintiffs make a more definite statement as to defendant Walter L. Hogan, M.D. as follows:
Defendant Walter L. Hogan, M.D. is a medical practitioner and physician as defined by the Alabama Medical Liability Act. On or about April 19, 1976 plaintiff Carolyn Nix was admitted to Springhill Memorial Hospital for a sterilization procedure known as a laparascopic tubal ligation. On or about April 20, 1976 this procedure was performed at the hospital by defendants Walter L. Hogan and L. Steve Weinstein, *26 M.D. The procedure was negligently performed by the defendant physicians. As the proximate cause of their negligence plaintiff Carolyn Nix was not rendered sterile and thereafter became pregnant. Defendants Walter L. Hogan and L. Steve Weinstein were also negligent in ordering x-rays taken of Carolyn Nix during the very early stages of her pregnancy. The x-rays were harmful to the fetus and as the proximate cause of the negligence in ordering the x-rays the unborn child of plaintiffs had to be medically aborted, resulting in its wrongful death. The negligence of the defendant physicians in failing to successfully perform the tubal ligation and in administering x-rays to the body of the mother while she was pregnant was a departure from and a failure to use that degree of care, skill and diligence used by physicians generally in the community.
Plaintiff cannot make a more definite statement than above until discovery has been completed, particularly as to the specific acts and procedures of the defendant physicians in performing the laparascopic tubal ligation. When discovery is completed plaintiffs expect to amend their complaint further if - necessary to set forth the negligent acts of defendant in greater detail.

. The pertinent portions of plaintiffs complaint are attached as Appendix A to this opinion.

. See Appendix B for pertinent parts of the statement filed as to defendant Dr. Hogan.