Robert B. **REICH, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**GREAT LAKES COLLECTION BUREAU, INC., Joel Castlevetre, Roberta Castlevetre and Joseph Mosey, Defendants.**

No. 95–CV–828C(H).

United States District Court, W.D. New York.

June 27, 1997.

Patricia M. Rodenhausen, U.S. Dept. of Labor, New York City, for plaintiff.

Krista Gottlieb, Mattar & D'Agostino, Buffalo, NY, for defendants.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned by Hon. John T. Curtin for pretrial matters and to hear and report on dispositive motions, in accordance with 28 U.S.C. § 636(b). Plaintiff has now moved to compel defendants to produce wage and hour records for the period after September 25, 1995, the date on which the complaint in this action was filed. Plaintiff also moves for leave to amend the complaint to add the names of 280 employees to the list of employees, attached as Exhibit A to the complaint, on whose behalf liquidated damages are sought in this action. Finally, plaintiff moves for an extension of time within which to file further motions to amend the complaint to add additional employees to the list, until the February 2, 1998 discovery cutoff. Defendants have filed a cross-motion for a protective order.

Oral argument of these motions was heard by the undersigned on May 30, 1997. For the reasons that follow, plaintiff's motions are granted and defendants' cross-motion is granted in part and denied in part.

## BACKGROUND

As set forth in this court's previous decisions and orders in this case, this action was commenced on September 25, 1995 by the Secretary of Labor, United States Department of Labor ("DOL") seeking injunctive relief, liquidated damages and costs against Great Lakes Collection Bureau and its individual corporate officers for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff alleges that defendants have "since September 25, 1992 willfully and repeatedly" failed to pay several employees statutory minimum wage and overtime compensation, and have failed to keep adequate records as required by DOL regulations (Item 1, ¶ XII).

More specifically, plaintiff seeks relief under Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217. Section 16(c) allows the Secretary of Labor, on behalf of employees, to sue an employer charged with violating the minimum wage (§ 206) and overtime (§ 207) provisions of the FLSA for actual "back pay damages" in the form of unpaid overtime or minimum wages, plus an equal amount as "liquidated damages." 29 U.S.C. § 216(c). Attached as Exhibit A to the complaint is a list of approximately 800 employees for whom this relief is sought. Section 17 allows the Secretary to sue the employer for injunctive relief, including an injunction against the withholding of previously unpaid minimum or overtime wages. 29 U.S.C. § 217.

On July 10, 1996, plaintiff served a request for documents containing information about the hours and wages of defendants' employees "for the period September 22, 1994 to the present" (item 40, Ex. 1). On October 28, 1996, in response to this request, defendants produced employee earnings records through September 14, 1995, and time card reports through October 8, 1995.

Plaintiff now seeks to compel defendants to supplement this response by providing wage and hour records "to the present." Plaintiff also seeks leave to amend the list of employees attached to the complaint by adding 280 names revealed as a result of its review and evaluation of the wage and hour records produced during discovery. Finally, plaintiff seeks to amend the scheduling order in this case to allow for future additions to the employee list based on the possibility that defendant's production of wage and hour records for the period subsequent to September 24, 1995 will reveal continued non-compliance with the FLSA's minimum wage and overtime provisions.

Defendants object to all aspects of the relief sought by plaintiff on this round of motions. According to defendants, allowing additional discovery and parties at this stage of the litigation, and allowing the opportunity for future discovery and amendments of the pleadings, will substantially prejudice the defense of this suit. Defendants also seek a protective order against the discovery sought or, if the relief requested by plaintiff is granted, extending the scheduling order to give defendants the opportunity to conduct the discovery necessary to defend against the expanded claims.

## DISCUSSION

A brief discussion of the relief available under Sections 16 and 17 of the FLSA is necessary to establish a framework for deciding the motions now pending before the court. Those sections provide three distinct causes of action against employers charged with violating the minimum wage and overtime provisions of the FLSA, as follows:

(1) an injured employee may sue under Section 16(b) for unpaid overtime or minimum wages, plus an equal amount as liquidated damages;

(2) the Secretary of Labor may sue under Section 16(c) on behalf of an employee (or employees) for actual "back pay damages" in the form of unpaid overtime or minimum wages, plus an equal amount as "liquidated damages" (which, under the FLSA, means "exemplary damages" not to exceed the amount of back pay); and,

(3) the Secretary may sue under Section 17 for injunctive relief, including an injunction against the withholding of previously unpaid minimum or overtime wages.

29 U.S.C. § 216(b), (c); § 217; *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062–63 (2d Cir.1988); *see also Castillo v. Givens*, 704 F.2d 181, 186 n. 11 (5th Cir.), *cert. denied*, 464 U.S. 850, 104 S.Ct. 160, 78 L.Ed.2d 147 (1983); *Marshall v. Hanioti Hotel Corp.*, 490 F.Supp. 1020, 1022 (N.D.Ga.1980).

Once the Secretary brings a § 16(c) action to recover actual and liquidated damages on behalf of an employee, the employee's right to seek that same relief under § 16(b) "shall terminate …, [and a]ny sums thus recovered by the Secretary … on behalf of an employee pursuant to [§ 16(c)] shall be held in a special deposit account and shall be paid, on order of the Secretary … directly to the employee or employees affected." 29 U.S.C. § 216(c). Likewise, the employee's private

right of action under § 16(b) "terminate[s]" when the Secretary brings a § 17 action for injunctive relief.

The back pay and liquidated damages remedies provided in § 16(c), and the injunctive relief against withholding back pay provided in § 17, are not "mutually exclusive remedies between which the Secretary must elect." *Marshall v. Quik–Trip Corp.*, 672 F.2d 801, 805 (10th Cir.1982); *see also Reich v. Tiller Helicopter Services, Inc.*, 8 F.3d 1018, 1033 n. 11 (5th Cir.1993). Indeed, the courts have explicitly suggested that the DOL plead § 16(c) and § 17 claims in the alternative. *See Tiller Helicopter, supra* at 1035; *Hanioti Hotel, supra*, 490 F.Supp. at 1022.

This is precisely what the DOL has done in this case. Defendant has requested a jury trial. The practical result, as explained in the *Superior Care* and *Tiller Helicopter* cases, is that the jury determines only "liability for and the amount of an award of back pay." *Superior Care, supra* at 1063. Questions of the availability and amount of liquidated damages under § 16(c), and injunctive relief under § 17, are within the discretion of the court and do not present issues for the jury.

In addition, the Secretary's complaint in a § 17 action for injunctive relief need not name the employees for whom the relief is sought, *Hodgson v. Virginia Baptist Hospital, Inc.*, 482 F.2d 821, 822, 824 & n. 10 (4th Cir.1973), whereas in a suit under § 16(c) the Secretary must name the employees involved in the complaint in order to toll the statute of limitations. *Ford v. Sharp*, 758 F.2d 1018, 1024 (5th Cir.1985). Again, this is precisely what DOL has done in this case by way of Exhibit A to the complaint. It is this list of employees, rather than the complaint itself, that DOL seeks to amend. It is the wage and hour records for the additional employees that DOL seeks by way of its motion to compel.

There is precedent for allowing this type of amendment in FLSA actions brought by the Secretary on behalf of the defendant's employees. For example, in *Hodgson v. Colonnades, Inc.*, 472 F.2d 42 (5th Cir.1973), the court allowed an amendment of the Secretary's complaint seeking back wages and injunctive relief where the amendment doubled the number of employees included in the action and increased the damages five-fold. The names of the additional employees were revealed during the course of discovery, and the Secretary moved at trial to amend the pleadings to conform to the evidence, as allowed by Rule 15(b) of the Federal Rules of Civil Procedure.[1] The court found the defendant's "vague statement that it would have defended the case differently if it had known more money or a greater number of employees were involved" insufficient to show that the amendment would seriously prejudice its defense of the case on the merits. *Id.* at 48 (citing 6A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil*, § 1495).

More recently, in *Dole v. Solid Waste Services, Inc.*, 733 F.Supp. 895 (E.D.Pa.1989), the Secretary moved at trial to amend the pleadings to include a claim against a company owned and controlled by the individual defendants, the existence of which was previously undisclosed. The Secretary also sought to add the new defendants employees to the schedule attached to the original complaint, and sought production of those employees' wage and hour records. The court allowed the amendment, finding no prejudice. The ruling was based at least in part on the "bad faith" aspect of the defendants' failure to disclose the existence of the other company.

■ In this case, plaintiff seeks leave to amend the list of employees attached to the complaint in order to assert claims for unpaid overtime and/or minimum wages on behalf of 280 additional employees who performed work for defendants, and whose identities

---

1. Fed.R.Civ.P. 15(b) provides, in relevant part:
   When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be neces-

sary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the trial of these issues.

were discovered, subsequent to the September 25, 1995 filing date of the original complaint. In this respect the motion may be viewed as a request for leave to supplement the pleadings, under Rule 15(d).[2] In any event, the motion to add the names of additional employees is purely a technical matter. The original complaint put defendant on notice that the Secretary was seeking back pay and injunctive relief for ongoing violations of the FLSA (*see* Item 1, ¶ IX), and that the Secretary may be seeking the same or similar relief on behalf of "certain employees presently unknown" (*id.*, ¶ 2 of *ad damnum* clause). Under the cases discussed above, the prejudice to defendant that may result from the additional cost of discovery in defense of the case is insufficient to warrant denial of leave to amend.

■ For these same reasons, plaintiff will be allowed the opportunity to seek discovery of wage and hour records of defendants' employees for the period from September 24, 1995 to and including the date of this decision and order. Plaintiff will also be allowed the opportunity to seek further leave to amend the list of employees, if necessary in light of the information contained in those records.

### CONCLUSION

Based on the foregoing, the following is ORDERED:

1. Plaintiff's motion **(Item 41)** for leave to amend the pleadings to add the names of 280 additional employees to the list attached as Exhibit A to the original complaint is GRANTED. The amended pleading shall be filed with the Clerk of the Court and served on defendants on or before **July 21, 1997.** Defendants shall file and serve a responsive pleading on or before **August 18, 1997.**

2. Plaintiffs motion **(Item 38)** to compel the production of wage and hour records of defendants' employees subsequent to September 24, 1995, is

GRANTED. Defendants are directed to produce to plaintiff, on or before **August 1, 1997,** employee wage and hour records for the period from and including September 25, 1995 to and including **July 1, 1997.**

3. Plaintiff's shall have until **October 3, 1997** to file any motion for further leave to amend the pleadings. All other dates in this court's First Amended Scheduling Order (Item 34) shall remain unchanged.

4. Defendants' cross-motion **(Item 45)** for a protective order is **GRANTED** to the extent it seeks relief consistent with the above, and **DENIED** in all other respects.

**SO ORDERED.**

---

2. Fed.R.Civ.P. 15(d) provides, in relevant part:
Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occur-

rences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense