PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,
          *Plaintiff-Appellant,*

v.

RIVENDELL WOODS, INCORPORATED,
d/b/a Rivendell Woods Family Care,
d/b/a/ Rivendell Woods; LANDRAW-I,
LLC; ANDREA WELLS JAMES,
individually; RODNEY JAMES,
individually,
          *Defendants-Appellees.*

No. 04-2330

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-03-142)

Argued: May 27, 2005

Decided: July 19, 2005

Before MOTZ and KING, Circuit Judges, and
Eugene E. SILER, Jr., Senior Circuit Judge of the
United States Court of Appeals for the Sixth Circuit,
sitting by designation.

Reversed and remanded by published opinion. Judge Motz wrote the
opinion, in which Judge King and Senior Judge Siler joined.

**COUNSEL**

**ARGUED:** Carol Beth Feinberg, UNITED STATES DEPART-
MENT OF LABOR, Office of the Solicitor, Washington, D.C., for
Appellant. Kevin Patrick Kopp, Jacqueline Denise Grant, ROBERTS
& STEVENS, P.A., Asheville, North Carolina, for Appellees. **ON
BRIEF:** Howard M. Radzely, Solicitor of Labor, Steven J. Mandel,
Associate Solicitor, Paul L. Frieden, Counsel for Appellate Litigation,
UNITED STATES DEPARTMENT OF LABOR, Office of the Solic-
itor, Washington, D.C., for Appellant. Jackson D. Hamilton, ROB-
ERTS & STEVENS, P.A., Asheville, North Carolina, for Appellees.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

The Secretary of Labor appeals the district court's order dismissing
her action against various defendants for violations of the Fair Labor
Standards Act, 29 U.S.C. § 201 *et seq.* (2000) ("FLSA" or the "Act").
For the reasons that follow, we reverse the judgment of the district
court and remand for further proceedings consistent with this opinion.

I.

The FLSA prohibits an "employer" from employing "employees"
who are "engaged in commerce" or "employed in an enterprise
engaged in commerce" without compensating the employees at a rate
of at least one and one-half times their regular rate for the hours
worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). It
also requires employers to keep records of the "wages, hours, and
other conditions and practices of employment" of their employees. 29
U.S.C. § 211(c). On June 11, 2003, after an investigation lasting
approximately five years, the Secretary of Labor filed a complaint
against Rivendell Woods, Inc., Landraw-I, L.L.C., and Andrea and
Rodney James (collectively "Rivendell"), seeking injunctive and other
relief for alleged violations of these overtime and record-keeping pro-
visions.

After the case was referred to a magistrate judge, Rivendell filed an answer and moved to dismiss the complaint for failure to state a claim. The magistrate judge recommended denying the motion, and Rivendell filed objections seeking dismissal of the complaint. The district court found merit in Rivendell's objections, concluding that the complaint merely "'parrot[ed] the legal standard'" and stated "vague, conclusory and speculative allegations." However, the court denied Rivendell's motion to dismiss "without prejudice to renewal" of that motion by Rivendell if the Secretary failed "to cure the defective complaint" within fifteen days.

The Secretary timely filed an amended complaint. The amended complaint asserts, *inter alia*, the following factual allegations: (1) Rivendell Woods and Landraw-I are North Carolina corporations, and the individual defendants, Andrea and Rodney James, "acted directly or indirectly in the interest of [these] corporations in relation to their employees" and, therefore, are "employer[s] within the meaning of . . . the Act"; (2) the defendants "engaged in related activities performed either through unified operation or common control for a common business purpose" and, therefore, "constitute an enterprise within the meaning of . . . the Act"; (3) the enterprise "operates an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective" and, therefore, "constitutes an enterprise engaged in commerce . . . within the meaning of . . . the Act"; (4) Rivendell had, since May 1, 2000, violated the overtime provisions of the Act by compensating certain employees, including "Supervisors in Charge," at a rate of less than time-and-a-half for the hours they worked in excess of forty hours per week; and (5) since May 1, 2000, Rivendell had violated the record-keeping provisions of the FLSA by failing to "make, keep and preserve" required records for the Supervisors in Charge and other employees, including records reflecting the regular hourly rate of pay for weeks when overtime payment was due; the hours worked each day and week; the total daily or weekly regular pay; the total overtime pay; the total wages per pay period; and the date of payment and period covered by payment. The Secretary sought an injunction "restraining the withholding of payment of back wages . . . for the period since June 11, 2001," as well as other appropriate relief, including interest on the wages, and costs.

The district court granted Rivendell's renewed and amended motion to dismiss, finding the complaint still did not state a claim upon which relief could be granted. The court characterized the Secretary's allegations as "merely boilerplate recitations of the statute itself." The court also asserted the complaint was deficient for failing to identify the Supervisors in Charge, the dates of their employment, and the nature of the employment relationship. According to the district court, the deficiencies in the complaint made it "virtually impossible for the Defendants to prepare a defense." The court therefore entered an order stating that the "action is hereby dismissed without prejudice in its entirety."

## II.

Although the parties did not raise the question, we must initially determine whether we have jurisdiction to consider the district court's dismissal *without* prejudice. *See Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 635 (4th Cir. 2002) ("[W]hen our appellate jurisdiction is in doubt, we must *sua sponte* raise and address the matter.").[1]

In *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1067 (4th Cir. 1993), we held that the district court's dismissal of the complaint without prejudice "qualifie[d] as a final order subject to appeal." The appellee had argued that the order dismissing the complaint was not appealable because "such an order does not preclude the losing party from filing a new complaint," and, thus, could not be considered final. *Id.* at 1066. But we reasoned that allowing an appeal from such an order would *not* frustrate the interests of judicial economy, *if* it were clear that amendment of the complaint could not cure its defects. *Id.* at 1067. "Under this approach, an appellate court may evaluate the particular grounds for dismissal in each case to determine whether the plaintiff could save his action by merely amending his complaint." *Id.* at 1066-67. Thus, *Domino Sugar* requires us to examine the appealability of a dismissal without prejudice based on the specific facts of the case in order to guard against piecemeal litigation and repetitive appeals.

---

[1]At oral argument, we asked the parties to provide supplemental briefing on the issue of appellate jurisdiction, which they have done.

Engaging in that inquiry here, we conclude that amendment of the Secretary's complaint would not "permit [her] to continue the litigation in the district court." *Id.* at 1067. First, the district court did not merely dismiss the complaint, but dismissed the "action . . . in its entirety." In *Domino Sugar*, we noted the difference between an order dismissing an *action* without prejudice and one dismissing a *complaint* without prejudice, stating that the latter order is generally not appealable. *See id.* at 1066; *Zayed v. United States*, 368 F.3d 902, 905 (6th Cir. 2004) ("Where an action, and not merely an amendable complaint . . . , is dismissed without prejudice, the order of dismissal is final and appealable."); *see also Furnace v. Bd. of Trs. of S. Ill. Univ.*, 218 F.3d 666, 669 (7th Cir. 2000).

Moreover, the Secretary contends that she must be able to employ similarly-worded complaints throughout the country for consistency, and so elects to stand on the complaint presented to the district court. The Secretary asserts that the amended complaint "is consistent with her longstanding practice" and argues that it is "crucial that the Secretary be able to challenge the district court's erroneous application of [Rule] 8(a) to her FLSA complaints so as to maintain a uniform, nationwide practice." Supp. Brief of Appellant at 5. By electing to stand on her complaint, the Secretary has waived the right to later amend unless we determine that the interests of justice require amendment. *See, e.g.*, *Cohen v. Ill. Inst. Tech.*, 581 F.2d 658, 662 (7th Cir. 1978). The Secretary's election, and consequent waiver, thus protect against the possibility of repetitive appeals that concerned us in *Domino Sugar*. *See, e.g.*, *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 463 (7th Cir. 1988); *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

Therefore, we have jurisdiction over this appeal.

### III.

Turning to the merits, we review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Iodice v. United States*, 289 F.3d 270, 273 (4th Cir. 2002). A district court should not dismiss a complaint for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint

as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *De'lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (internal quotation marks and citation omitted).

### A.

The district court apparently concluded that the Secretary's amended complaint did not satisfy Rule 8(a). The rule requires a complaint to include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. (8)(a).

The Supreme Court has recently reaffirmed that Rule 8(a)'s "simplified notice pleading standard" merely requires a statement that "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[T]his notice function . . . represents the core of the pleading process under the federal rules." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 1215, at 173-74 (3d ed. 2004).

*Swierkiewicz* resolved a circuit split regarding "the proper pleading standard for employment discrimination cases." 534 U.S. at 509-10. The Court rejected the view that a plaintiff had to plead a prima facie case of discrimination under the evidentiary standard of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to survive a 12(b)(6) motion to dismiss. The Court reasoned that any such heightened pleading standard "conflicts" with the simplified pleading standard of the Federal Rules of Civil Procedure, which "applies to all civil actions, with limited exceptions." *Swierkiewicz*, 534 U.S. at 512, 513.

As a leading treatise recognizes, then, Rule 8(a) only:

> requires the pleader to disclose adequate information regarding the basis of his claim for relief as distinguished from a

bare averment that he wants relief and is entitled to it. Undoubtedly great generality in the statement of these circumstances can be permitted so long as the defendant is given fair notice of what is being asserted against him.

5 Wright & Miller, *supra*, § 1202, at 94-95. Under this relaxed standard, unmeritorious claims and attempts at surprise are eliminated not by motions to dismiss, but rather primarily through "liberal discovery rules and summary judgment motions." *Swierkiewicz*, 534 U.S. at 512-13.

We are mindful that "[w]hat constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Wright & Miller, *supra*, § 1217, at 240-41. In our post-*Swierkiewicz* case law, we have hewed closely to the Supreme Court's instruction that "all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47 (internal quotation marks and citation omitted). Our adherence to this standard becomes particularly clear in the cases on which Rivendell principally relies.

For example, in *Iodice*, we addressed the sufficiency of the complaint in an action brought under the Federal Tort Claims Act. The plaintiffs, victims of an intoxicated driver who had been taking narcotics prescribed by a VA hospital, alleged that the hospital had negligently trained, monitored, and supervised its staff regarding the dispensing of narcotics and that such negligence proximately caused the plaintiffs' injuries. *Iodice*, 289 F.3d at 277. Because state law governed the claim, we examined North Carolina's negligence cases, ultimately determining that "North Carolina would require a tight nexus between the provision of narcotics and the harm to the victim, if it permitted third party plaintiffs to recover at all." *Id.* at 279. Concluding that this "nexus" constituted an element of the cause of action, we noted that, in order to state a claim, the plaintiffs merely had to allege that the hospital knew or should have known that the patient was under the influence of intoxicants and would "shortly thereafter drive an automobile." *Id.* at 280 (internal quotation marks and citation omit-

ted). However, we affirmed the dismissal of the action because the plaintiffs had made no such allegations. We emphasized that we did not affirm "because the [plaintiffs] failed to *forecast evidence* sufficient to *prove* an element" of the claim, but only because they "failed to *allege facts* sufficient to *state* elements" of the claim. *Id.* at 281.

*Dickson v. Microsoft Corp.*, 309 F.3d 193, 198-99 (4th Cir. 2002), involved allegations of a complex conspiracy between Microsoft and certain computer manufacturers to restrain trade and maintain alleged monopolies through, *inter alia*, the use of commercial licensing agreements. Proving anticompetitive effect under either section 1 or 2 of the Sherman Antitrust Act requires "that the defendants played a significant role in the relevant market." *Id.* at 207 (internal quotation marks and citation omitted). Although the plaintiffs had alleged that Microsoft had "significant market power," they refused to provide allegations of the computer manufacturers' power in the market, arguing that it was "immaterial" to the manufacturers' ability to influence competition. *Id.* at 209-10. We disagreed, concluding that such a showing was necessary to establish anticompetitive effect. *See id.* at 211. Because of the plaintiffs' refusal to allege any facts regarding the manufacturers' market power, the complaint "failed to . . . support the basic elements" of its claims. *Id.* at 213. We emphasized again that all that was required was "that a plaintiff set forth facts sufficient to allege each element of his claim." *Id.*

Finally, in *Bass v. E.I DuPont de Nemours & Co.*, 324 F.3d 761 (4th Cir. 2003), we examined the sufficiency of a complaint assertedly alleging employment discrimination. We noted that, in order to state a hostile work environment claim, a plaintiff must allege that "the harrassment was based on her gender, race, or age" and that "the harrassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere." *Id.* at 765. The complaint in *Bass* failed because it alleged facts that did "not seem to have anything to do with gender, race, or age harrassment," but merely told "a story of a workplace dispute . . . and some perhaps callous behavior by . . . superiors." *Id.* In other words, we once again held dismissal of the complaint proper because the complaint did not allege the elements of the cause of action purportedly pursued.

These cases illustrate the rule, which we reaffirm here, that the pleading standard of the Federal Rules of Civil Procedure is "not

onerous." *Id.* at 764. Rather, a complaint meets Rule 8's requirements if, in light of the nature of the action, the complaint sufficiently alleges each element of the cause of action so as to inform the opposing party of the claim and its general basis.

B.

When these principles are applied here, it is clear that the district court demanded more of the Secretary's complaint than the Federal Rules of Civil Procedure require. Rivendell argues that the district court properly dismissed the action because the Secretary did not provide sufficient facts to "establish[ ]" "coverage under the FLSA," "operat[ion] of an enterprise engaged in commerce," or employment by Rivendell of the allegedly aggrieved persons. Brief of Appellees at 20. Rivendell asserts that the complaint "merely paraphrases the language of the statute," which "does not equate to alleging facts." *Id.*

But, actually, the amended complaint alleges each element of the claim — and that is all that is necessary. The complaint alleges that Rivendell is an employer and/or enterprise covered by the Act. The complaint adequately identifies the employees who are alleged to have worked overtime without proper remuneration as "Supervisors in Charge." It states that, for a particular time period, Rivendell had "repeatedly violated" both the overtime and the record-keeping provisions of the Act and describes the manner of these violations. Finally, it seeks relief for violations that occurred after June 11, 2001 — that is, violations that occurred within the relevant two-year statute of limitations for non-willful violations. 29 U.S.C. § 255(a).[2]

In *Hodgson v. Virginia Baptist Hospital, Inc.*, 482 F.2d 821 (4th Cir. 1973), we upheld the validity of a very similar complaint alleging violations of the FLSA. The complaint in *Virginia Baptist Hospital* merely charged that:

> since September 15, 1968, the hospital had repeatedly violated the [FLSA] by failing to pay all its employees the

---

[2]As noted above, the Secretary filed the original complaint on June 11, 2003. The amended complaint, filed on May 21, 2004, relates back to the date of the original pleading. *See* Fed. R. Civ. P. 15(c)(2).

minimum wage required by the Act, by paying wages that discriminated on the basis of an employee's sex, by employing persons for more than forty hours a week without paying them overtime rates, by failing to keep accurate records, and by employing oppressive child labor. The complaint identified the sections of the Act which the hospital had allegedly violated, and it requested injunctive relief.

*Id.* at 822. We concluded that the complaint need not specify the names of the aggrieved employees, their wages, the weeks in which the employees were entitled to overtime pay, or the particular records that the hospital had failed to maintain. *See id.* Rather, we held that — without any of these additional facts — the complaint survived a motion for a more definite statement under Fed. R. Civ. P. 12(e). *Id.* at 824.[3]

In dismissing the action here, the district court not only ignored *Virginia Baptist Hospital*, but it also employed a rationale demonstrably at odds with the Federal Rules. For the court reasoned that the complaint failed because it did not "make a case" against Rivendell and because, from the complaint, "it is virtually impossible for the Defendants to prepare a defense."

We reemphasize that a complaint need not "make a case" against a defendant or "*forecast evidence* sufficient to *prove* an element" of the claim. *Iodice*, 289 F.3d at 281. It need only "*allege facts* sufficient to *state* elements" of the claim. *Id.*; *see also Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005) ("[T]he district court's order, as well as defendants' arguments . . . are replete with references to what Brown failed to 'show' or 'establish.' Such use of the language of summary judgment in disposing of a motion under Rule 12(b)(6) is incompati-

---

[3]Rivendell asserts that *Virginia Baptist Hospital* is inapposite here because it deals with a motion for a more definite statement under Rule 12(e), while the present case involves a motion to dismiss under Rule 12(b)(6). Brief of Appellees at 21. This argument is meritless. A pleading that can survive a Rule 12(e) motion necessarily can withstand a motion to dismiss under Rule 12(b)(6). *See* 5C Wright & Miller, *supra*, § 1376, at 310-11 (noting that to survive a Rule 12(e) motion, a "pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss").

ble with the liberal notice pleading requirements of Rule 8."). Thus, the sufficiency of a complaint does not depend on whether it provides enough information to enable the defendant "to prepare a defense," but merely "whether the document's allegations are detailed and informative enough to enable the defendant to respond."[4] 5 Wright & Miller, *supra*, § 1215, at 193; *see also Virginia Baptist Hosp., Inc.*, 482 F.2d at 824. The Secretary's complaint clearly meets this standard.

## IV.

For the foregoing reasons, the judgment of the district court is

*REVERSED AND REMANDED.*

---

[4]Here, Rivendell, although objecting to the complaint's purported vagueness, answered the complaint and asserted affirmative defenses.