**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-7625**

HERBERT T. BOWENS,

Plaintiff - Appellant,

versus

AL CANNON, Charleston County Sheriff; DOCTOR
PIENNING, Correct Care Solutions; NATIONAL
COMMISSION OF HEALTH CARE,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Charleston. David C. Norton, District Judge.
(CA-05-2396)

Submitted: March 15, 2006          Decided: April 12, 2006

Before WILKINSON, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

Herbert T. Bowens, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Herbert T. Bowens appeals the district court's order accepting the recommendation of the magistrate judge and dismissing without prejudice his action filed under 42 U.S.C. § 1983 (2000), pursuant to 28 U.S.C. § 1915(e)(2)(B) (2000).[*] We affirm in part, vacate in part, and remand for further proceedings.

Bowens alleged that defendants acted with deliberate indifference to his serious medical needs and failed to protect him from an attack by another inmate. We have reviewed the record and find no reversible error in the district court's dismissal of the failure to protect claim or of the claims of deliberate indifference arising before Bowens had surgery on his hand. Accordingly, we affirm the denial of relief on these claims for the reasons stated by the district court. See Bowens v. Cannon, No. CA-05-2396 (D.S.C. Oct. 5, 2005).

With regard to Bowen's claims that the medical defendants acted with deliberate indifference to his serious medical needs post-surgery, we review de novo the district court's dismissal of those claims for failure to state a claim. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). A court "should not dismiss a complaint for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and

_____

[*]This order is a final, appealable order over which we have jurisdiction. See Chao v. Rivendell Woods, Inc., 415 F.3d 342, 344-45 (4th Cir. 2005).

- 2 -

drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005) (internal quotation marks and citations omitted).

Bowens alleged that medical personnel failed to properly clean and dress the surgical wound, failed to issue the prescribed antibiotics, and caused him to miss follow-up appointments at the hospital by failing to arrange for transportation. Taking these allegations as true, we find that Bowens alleged facts sufficient to state a claim of deliberate indifference to his serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (discussing standard); Martinez v. Garden, 430 F.3d 1302, 1305 (10th Cir. 2005) ("Knowledge of [plaintiff's] medical condition, coupled with the alleged failure to inform him of medical appointments or to arrange transportation, may give rise to an inference that defendants acted with deliberate indifference."); Gil v. Reed, 381 F.3d 649, 661-62 (7th Cir. 2004) (finding that defendant's unexplained refusal to dispense prescribed medication to treat serious infection at surgical wound site created genuine issue of material fact regarding defendant's state of mind).

Accordingly, we vacate this portion of the district court's order and remand for further proceedings. We recognize that "[d]eliberate indifference is a very high standard--a showing

of mere negligence will not meet it." <u>Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999). But, without at least the aid of a response by the defendants, we cannot rule on the present record and, therefore, we express no opinion on the ultimate disposition of Bowens' claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u><br><u>VACATED IN PART,</u><br><u>AND REMANDED</u>