**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1694

ANDRES LEROY GLENN,

                    Plaintiff - Appellant,

          v.

BI-LO, CORPORATION; CHAD J. JOWERS,

                    Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:12-cv-00727-CMC)

Submitted:  July 19, 2012          Decided:  July 23, 2012

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andres Leroy Glenn, Appellant Pro Se. Ronald Barton Diegel,
Peter Edward Farr, Ashley Berry Stratton, MURPHY & GRANTLAND,
PA, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andres Leroy Glenn appeals the district court's order adopting the magistrate judge's report and recommendation and dismissing Glenn's civil action without prejudice for lack of subject matter jurisdiction.[*] On appeal, we confine our review to the issues raised in the Appellant's brief. See 4th Cir. R. 34(b). Because Glenn's informal brief does not challenge the basis for the district court's disposition, Glenn has forfeited appellate review of the court's order. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] While dismissals without prejudice generally are interlocutory and not appealable, Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066 (4th Cir. 1993), a dismissal without prejudice may be final if no amendment to the complaint can cure the defect in the plaintiff's case. Id. at 1066-67; see Chao v. Rivendell Woods, Inc., 415 F.3d 342, 345 (4th Cir. 2005). On the available record, we conclude that the defect identified by the district court cannot be cured by an amendment to the complaint and that the order therefore is appealable.

2