**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1127

SUNDERSINGH BALA,

Plaintiff - Appellant,

v.

COMMONWEALTH OF VIRGINIA DEPARTMENT OF CONSERVATION AND
RECREATION,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Henry E. Hudson, District
Judge.  (3:12-cv-00748-HEH)

Submitted:  June 28, 2013                Decided:  July 5, 2013

Before MOTZ, SHEDD, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Sundersingh Bala, Appellant Pro Se.  Nicholas Foris Simopoulos,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sundersingh Bala appeals the district court's order dismissing, pursuant to Fed. R. Civ. P. 12(b)(6), his action alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2013). Bala, an East Indian and naturalized United States citizen, alleged that his employer, the Commonwealth of Virginia Department of Conservation and Recreation ("DCR"), discriminated and retaliated against him in violation of Title VII by laying him off and subsequently failing to select him for an interview for an open position. Bala's complaint also asserted that DCR conspired to violate his civil rights. In granting DCR's motion to dismiss, the district court held that Bala's discrimination and retaliation claims failed to allege facts sufficient to survive analysis under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The court also concluded that Bala failed to allege facts sufficient to establish a conspiracy claim. For the reasons that follow, we affirm in part, vacate in part, and remand.

This court reviews de novo a district court's order dismissing a complaint for failure to state a claim, assuming that all well-pleaded nonconclusory factual allegations in the complaint are true. Aziz v. Alcolac, Inc., 658 F.3d 388, 391

2

(4th Cir. 2011).  A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint.  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

"To survive a motion to dismiss pursuant to Rule 12(b)(6), plaintiff's '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'"  Aziz, 658 F.3d at 391 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a court must accept the material facts alleged in the complaint as true, Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999), statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  "Although the Supreme Court has made clear that the factual allegations in a complaint must make entitlement to relief plausible and not merely possible, what Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."  McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (internal quotation marks and citations omitted).  Moreover, if a claim lacks merit, it "may be dealt with through summary judgment under Rule 56."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  Finally, a pro se complaint "is to be liberally construed, . . . and . . . must be held to less

3

stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

In reviewing the dismissal of a complaint under Rule 12(b)(6), we "may consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). The district court may go beyond the complaint and attached documents, which constitute "the pleadings," in a Rule 12(b)(6) proceeding if the court converts the proceeding to one for summary judgment. Fed. R. Civ. P. 12(d). But, conversion of a motion to dismiss to one for summary judgment requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id.

The district court analyzed Bala's discrimination and retaliation claims under the burden-shifting framework adopted by the Supreme Court in McDonnell Douglas, requiring Bala at a minimum to allege a prima facie case as to each of his claims. In the employment discrimination context, however, a plaintiff need not establish a prima facie case under McDonnell Douglas in order to survive a motion to dismiss. Swierkiewicz, 534 U.S. at 510-11 (concluding that "the prima facie case . . . is an

4

evidentiary standard, not a pleading requirement."). "This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." Id. at 511. Complaints in such cases therefore "must satisfy only the simple requirements of Rule 8(a)." Id. at 513.

On appeal, Bala challenges the district court's disposition of his discrimination and retaliation claims.[1] Bala does not specifically argue that the district court erred in analyzing his claims under McDonnell Douglas. As a pro se litigant, however, Bala is entitled to liberal construction of his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). We therefore construe Bala's informal brief to advance the alternative argument that the district court erred in dismissing his claims based solely on his failure to survive the McDonnell Douglas analysis.

The Supreme Court in Swierkiewicz held that a plaintiff had sufficiently pleaded a complaint of national-origin discrimination when his complaint alleged a violation of Title VII and "detailed the events leading to his termination,

---

[1] Bala concedes on appeal that his claim alleging that DCR conspired to violate his civil rights was insufficient to survive the motion to dismiss.

5

provided relevant dates, and included the . . . nationalities of at least some of the relevant persons involved with his termination." 534 U.S. at 514.

Bala's complaint first alleged a discrimination claim against DCR arising from his layoff (Claim One). Bala provided details and the relevant dates of his employment and of the events leading to the termination of his position. However, he did not provide the nationalities of any of the relevant persons involved with DCR's decision to lay him off or otherwise allege facts supporting his assertion that the decision was influenced by his national origin or race. Taking these allegations as true, as is required in consideration of a Rule 12(b)(6) motion, we nonetheless conclude that this claim is insufficient to survive DCR's motion to dismiss. Accordingly, we affirm the portion of the district court's order dismissing Bala's discrimination claim arising from his layoff.

Bala's complaint next alleged that DCR discriminated against him on the basis of national origin and race in declining to select him for an interview (Claim Two). Rather than consider the face of Bala's complaint, the district court allowed DCR to dispute Bala's discrimination claim by asserting that Bala had limited experience, received unfavorable performance reviews, and engaged in prior misconduct. The district court then dismissed this claim on the bases offered by

6

DCR.[2]  By allowing DCR to raise facts outside the pleadings, and relying on those facts to dismiss Bala's discrimination claim, the district court permitted DCR to demonstrate that it acted on a legitimate, nondiscriminatory basis.  Because the district court considered DCR's proffered legitimate nondiscriminatory reasons at a procedurally improper time, within the context of a Rule 12(b)(6) motion, we conclude that the court erred.

Bala's discrimination claim arising from DCR's failure to select him for an interview alleged that DCR's failure to interview him for the position was discriminatory based on his national origin and race, and Bala set forth his qualifications for the position.  He alleged that less qualified applicants were selected for the interview and that the screening panel for the position consisted of only one Caucasian male.  Taking these allegations as true, we conclude that the district court erred in finding Bala's complaint insufficiently pleaded to state a claim of race or national origin discrimination sufficient to survive a Rule 12(b)(6) dismissal, particularly in light of Bala's pro se status.

_____

[2] The district court's order dismissed Bala's entire action without prejudice, so the dismissal is immediately reviewable. See Chaov Rivendell Woods, Inc., 415 F.3d 342, 345 (4th Cir. 2005).

Likewise, in dismissing Bala's retaliation claim arising from DCR's decision to lay him off (Claim Three), the district court relied on the assertions contained in DCR's motion. By allowing DCR to establish a nondiscriminatory reason for its conduct, and further concluding that Bala failed to allege that the stated justification was pretextual, the district court went outside of the pleadings. By doing so at a procedurally improper time, the district court erred.

Bala alleged that DCR laid him off as of December 31, 2009, because of his previously filed internal grievances and EEOC complaints. Bala provided the dates and details of his protected activities, and attached a number of the grievances to his complaint. Taking these allegations as true, as we must at this stage, we conclude that the district court erred in finding them insufficient to state a claim of retaliation sufficient to survive a Rule 12(b)(6) dismissal, particularly in light of Bala's pro se status.

Finally, Bala alleged a retaliation claim against DCR for failing to select him for an interview for a grants accounting position (Claim Four). He alleged that DCR declined to interview him in retaliation for his previously filed internal grievances and EEOC complaints. Bala also provided the dates and details of his protected activities, and he attached a number of the grievances to his complaint. Bala set forth his

8

qualifications for the position, including his education and experience working for DCR, and asserted that ten less qualified applicants were selected to interview for the position. Taking these allegations as true, as we must, we conclude that the district court erred in finding them insufficient to state a claim of retaliation at the Rule 12(b)(6) stage.

For the foregoing reasons, we affirm the district court's dismissal of Bala's discrimination claim arising from his layoff. However, we hold that Bala's claims under Title VII for discrimination relating to DCR's failure to select him for an interview and for retaliation relating to DCR's decision to lay him off and failure to select him for an interview are sufficient to withstand Rule 12(b)(6) dismissal. Accordingly, we vacate the judgment dismissing those claims and remand for further proceedings.

In holding that these claims survive a motion to dismiss under Rule 12(b)(6), we express no opinion on the ultimate merits of these claims. On remand and after discovery, the district court must determine whether issues of triable fact exist on the elements of Bala's claims. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED
