**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1558**

U.S. SMOKE & FIRE CURTAIN, LLC,

        Plaintiff - Appellant,

    v.

BRADLEY LOMAS ELECTROLOK, LTD,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:14-cv-00268-AJT-JFA)

Submitted: February 27, 2015        Decided: May 22, 2015

Before KING, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Terrance G. Reed, LANKFORD & REED, PLLC, Alexandria, Virginia, for Appellant. Tara M. Lee, Joseph C. Davis, DLA PIPER LLP (US), Reston, Virginia; Sara Z. Moghadam, Paul D. Schmitt, DLA PIPER LLP (US), Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, U.S. Smoke & Fire Curtain, LLC ("Curtain"), challenges the district court's dismissal without prejudice of its civil complaint. Curtain asserts the district court erred in concluding that the forum-selection clause in the distribution agreement into which Curtain entered with Bradley Lomas Electrolok, Limited ("BLE"), applies to the claims raised in Curtain's complaint.[1] We affirm.[2]

Curtain raises three arguments on appeal. First, Curtain claims that, by removing the case to federal district court, BLE waived its right to seek enforcement of the forum-selection clause. We disagree. See, e.g., PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 72 (2d Cir. 1998); see also Davis v. St. Paul-Mercury Indem. Co., 294 F.2d 641, 647 n.7 (4th Cir. 1961) (noting that motion for change of venue following removal from state court provides defendants with useful tool to

---

[1] Because the district court dismissed the action, we conclude that its order is final and appealable. See Chao v. Rivendell Woods, Inc., 415 F.3d 342, 345 (4th Cir. 2005).

[2] Although the parties disagree on the appropriate standard of review following the Supreme Court's decision in Atlantic Marine Constr. Co. v. United States Dist. Court, 134 S. Ct. 568 (2013), we decline to decide the issue because, under either standard, the district court's order must be affirmed.

alleviate extreme hardship).

Second, Curtain claims that the termination of its distribution agreement with BLE bars BLE's enforcement of the forum-selection clause. Although several of the district court decisions to which Curtain points may be read to support this position, we conclude that the greater weight of authority is against Curtain. Generally, dispute-resolution provisions, such as forum-selection clauses, are enforceable beyond the expiration of the contract if they are otherwise applicable to the disputed issue and the parties have not agreed otherwise. See Litton Fin. Printing Div. v. NLRB, 501 U.S. 190, 204 (1991); Cumberland Typographical Union No. 244 v. Times & Alleganian Co., 943 F.2d 401, 405 (4th Cir. 1991). Under these principles, we conclude that the termination of the agreement provides no basis for disturbing the district court's order.

Finally, Curtain claims that the district court erred by concluding that the forum-selection clause applies to the claims raised in its complaint. We conclude, however, that the district court correctly determined that all of Curtain's claims arise in connection with the distribution agreement and, thus, fall within the ambit of the broadly worded forum-selection clause. Accordingly, we affirm the district court's order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
