DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA WOMAN CARE LLC,** a Florida limited liability company,
**GYN ONCOLOGY AND UROGYNECOLOGY ASSOCIATES, LLC,** a
Florida limited liability company, **FWC HOLDINGS, LLC,** a Florida
limited liability company, **UNIFIED WOMEN'S HEALTHCARE, LLC,**
f/k/a **UNITED PHYSICIAN MANAGEMENT HOLDINGS, LLC,** a
Delaware limited liability company, and **AARON SUDBURY, M.D.,**
Appellants,

v.

**HOA NGUYEN, M.D.,**
Appellee.

No. 4D21-1554

[October 13, 2021]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No.
CACE20-013636.

Erik R. Matheney and Alyssa L. Cory of Shutts & Bowen LLP, Tampa,
for appellants.

Morgan L. Weinstein of Twig, Trade, & Tribunal, PLLC, Fort Lauderdale,
for appellee.

WARNER, J.

Appellants, Florida Woman Care, LLC ("FWC"), GYN Oncology and
Urogynecology Associates, LLC ("GOUA"), FWC Holdings LLC ("FWC
Holdings"), Unified Women's Healthcare, LLC f/k/a United Physician
Management Holdings, LLC ("UPM"), and Aaron Sudbury, M.D.,
("Sudbury") (collectively, "Appellants") challenge a nonfinal order denying
their motion to compel arbitration of the complaint filed by appellee, Hoa
Nguyen, M.D. ("Nguyen"). Because we conclude that the arbitration
agreement in the employment agreement between GOUA and Nguyen
survived the termination of Nguyen's employment, and Nguyen's
complaint against each appellant relies on the terms of the employment
agreement, the trial court erred in denying the motion to compel
arbitration. We reverse.

The complaint contains the facts upon which the trial court determined the motion to compel. In October 2017, UPM purchased the assets of FWC Holdings and FWC. Nguyen participated in the transaction as a "pivoting owner." Nguyen also entered into an employment agreement with GOUA, which was part of the UPM group, with an initial term of five years.

As part of the asset purchase transaction, Nguyen and UPM entered into a joinder agreement through which Nguyen received membership units in FWC and FWC Holdings. According to the agreement, if a forfeiture event occurred in accordance with the agreement's terms before the third anniversary of the joinder agreement, Nguyen would forfeit his interest in the FWC and FWC holdings units. One forfeiture event was termination of Nguyen from his employment. At the time, FWC was the manager of GOUA, and Sudbury was manager of FWC.

Shortly after the one year anniversary of the asset purchase and execution of the agreements, including the employment agreement, Nguyen was terminated "for cause." As alleged in the complaint, the employment agreement provided:

> 5.1 **Termination by the Company "For Cause".** The Agreement Term (including any Renewal Term) may be terminated prior to its expiration, at the election of the Clinical Governance Board, under any of the following circumstances:
>
> > 5.1.1 Upon written notice to the Employee, if the Employee is in a material breach, default or violation of any provision of this Agreement and fails to cure such material breach, default or violation to the reasonable satisfaction of the Company within fifteen (15) days after notice in writing by the Company to do so (or within said fifteen (15) days to commence such cure and thereafter diligently to prosecute such cure to completion)[.]

The complaint alleged that GOUA had not provided a fifteen-day cure period, as GOUA and FWC determined that the "cause" was incurable.

With that background, Nguyen's amended complaint alleged five causes of action against the various defendants as follows:

- Count 1 against FWC for tortious interference with Nguyen's contractual relationship, alleging that he and GOUA were

2

parties to the employment agreement and that, as manager of GOUA, FWC knew of the employment agreement but intentionally interfered with and procured the breach of the employment contract by sending the termination letter and refusing to provide the doctor the required opportunity to cure.

- Count 2 against GOUA for breach of contract, alleging that GOUA materially breached the employment agreement by (i) failing and refusing to provide written notice identifying the alleged breach constituting the "cause" for termination of Nguyen's employment and (ii) failing to provide the required fifteen (15) day period to cure.

- Count 3 against Sudbury for breach of fiduciary duty, alleging that Sudbury [FWC's manager] intentionally caused FWC to willfully breach the employment agreement causing damage to Nguyen and the forfeiture of his class A unit of FWC.

- Count 4 against FWC Holdings for equitable accounting, so that Nguyen could determine his damages as a result of the acts and omissions set forth in the other counts of the complaint, alleging that he was a member and therefore entitled to access to the records.

- Count 5 against FWC Holdings, GOUA, UPM, FWC, and Sudbury for civil conspiracy, alleging that they intentionally interfered with the employment agreement in order to procure Nguyen's unlawful termination and automatic forfeiture of the security interests.

All appellants moved to compel arbitration pursuant to Article 13.5 of the employment agreement which provides for arbitration of "any controversy or claim arising out of or related to this Agreement, or any breach thereof" to be conducted in Palm Beach County, Florida. While only GOUA was a signatory to the employment agreement, the other appellants argued that Nguyen's claims arose out of the agreement and involve the same basic allegation that appellants caused the breach of or interfered with the employment agreement.

Nguyen opposed arbitration, arguing several points, including: the non-signatories could not rely on the arbitration agreement; the arbitration clause in the employment agreement did not survive the termination of the

3

agreement; and appellants waived arbitration because they failed to arbitrate any of the controversies prior to Nguyen filing suit.

The trial court heard appellants' arguments and summarily denied their motion. This appeal follows.

Review of an order on a motion to compel arbitration is de novo. *Fallang Fam. Ltd. P'ship v. Privcap Cos., LLC*, 316 So. 3d 344, 347 (Fla. 4th DCA 2021). Questions of contract interpretation are issues of law subject to de novo review. *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013).

### *Arbitration by Non-Signatories*

GOUA is clearly entitled to arbitrate this dispute, as a signatory party, unless the arbitration provision is of no further force and effect. The remaining appellants argue that while each of them did not sign the employment agreement, they can still enforce arbitration, as each of the causes of action asserted by Nguyen rely on the terms of the agreement. We agree with appellants that as non-signatories, these parties can compel arbitration.

*Koechli v. BIP International, Inc.*, 870 So. 2d 940 (Fla. 1st DCA 2004), is on point. There the appellate court relied on language from *Westmoreland v. Sadoux*, 299 F.3d 462 (5th Cir. 2002) to explain when non-signatories can enforce an arbitration clause. *Id.* at 943. *Westmoreland* explained:

> There are two circumstances under which a nonsignatory can compel arbitration. First, when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory. Second, when the signatory to the contract containing a[n] arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract.

299 F.3d at 467 (footnote omitted).

In this case, since each count of Nguyen's complaint against the non-signatories relies on the employment agreement and its terms to state the causes of action, they are substantially interdependent and allege concerted action between the non-signatories and the signatory (GOUA).

4

## Waiver of Arbitration

As to both the non-signatories and GOUA, Nguyen argues that the arbitration agreement terminated with the termination of his employment or that the parties waived arbitration.

For support as to waiver, Nguyen points to *Aberdeen Golf & Country Club v. Bliss Construction, Inc.*, 932 So. 2d 235 (Fla. 4th DCA 2005), a case which discussed the arbitration provision contained in the standard AIA contract for construction projects. However, we find *Aberdeen* to be inapposite, and much of the language which Nguyen relies on is clearly dicta. *See Auchter Co. v. Zagloul*, 949 So. 2d 1189, 1193–94 (Fla. 1st DCA 2007) (criticizing *Aberdeen*'s dicta).

In *Aberdeen*, a general contractor brought an action against a property owner, seeking damages arising out of the owner's termination of a contract because of a mold issue, prior to completion of the construction project. The owner moved to compel arbitration under the contract, but the trial court denied arbitration, finding that the owner had waived its right to enforce the arbitral provision. 932 So. 2d at 236. This Court affirmed, concluding that the owner had indeed waived its right to arbitrate by refusing to follow the ADR[1] procedures of the contract, which required mediation and arbitration of issues during construction, if the parties disagreed with an architect's decision as the owner did. *Id.* at 240. Not only had the owner failed to engage in the ADR procedures, but it terminated the contract.

Here, at no time did any of the appellants waive the right to arbitrate, as did the owner in *Aberdeen*. Nguyen states that GOUA failed to arbitrate the controversy over whether to terminate the doctor. The termination provision does not require GOUA to arbitrate with Nguyen prior to terminating him for cause. It would be Nguyen's obligation to seek arbitration if he disputed GOUA's action, which he now claims is a breach of the contract. Nguyen has not shown that the appellants have acted inconsistently with the right to arbitrate.

## Arbitration Survives Employment Termination

To argue that the arbitration clause did not survive the termination of his employment, Nguyen places great emphasis on the survival clause contained in Article Thirteen which states that "[t]he provisions of Articles 7, 8, and 9 of this Agreement shall survive the termination of the

---

[1] ADR stands for alternative dispute resolution.

5

Employee's relationship with the Company and this Agreement." Since the survival clause did not mention the arbitration section, Nguyen contends that the arbitration provision did not survive.

The provisions mentioned in the survival clause deal with disclosure of confidential information regarding management operations, a restrictive covenant on Nguyen's ability to practice, and fees including billing and collecting. These are all substantive rights and responsibilities under the contract. Likewise, in Article 5 on termination, section 5.6 explains "Obligations *After* Termination" (emphasis added) which include how compensation will be paid, benefits extended, and any payback of monies from the employee will occur. Thus, these too are substantive terms of the contract which survive arbitration.

In contrast, the arbitration provision is procedural. We analogize it to the survival of a forum selection clause in a contract which terminates. In *Baker v. Economic Research Services, Inc.*, 242 So. 3d 450 (Fla. 1st DCA 2018), the First District distinguished between substantive rights and dispute resolution provisions and determined that dispute resolution provisions survived the termination of the contract:

> Unlike the substantive rights and obligations in a contract, a forum-selection clause is a structural provision that addresses the procedural requirements for dispute resolution. *See Silverpop Sys., Inc. v. Leading Mkt. Techs., Inc.*, 641 Fed. Appx. 849, 857 (11th Cir. 2016) ("While contractual obligations may expire upon the termination of a contract, provisions that are structural (*e.g.*, relating to remedies and the resolution of disputes) may survive that termination."). "Generally, dispute-related provisions, such as forum selection clauses, are enforceable beyond the expiration of the contract if they are otherwise applicable to the disputed issue and the parties have not agreed otherwise." *U.S. Smoke & Fire Curtain, LLC v. Bradley Lomas Electrolok, Ltd.*, 612 Fed. Appx. 671, 672–73 (4th Cir. 2015).

> This court has held that an arbitration provision does not require any type of "savings clause" to survive termination of the contract. *Auchter Co. v. Zagloul*, 949 So. 2d 1189, 1194 (Fla. 1st DCA 2007). The *Auchter* holding is applicable to forum-selection clauses as well. If the parties wanted the forum-selection clauses to apply only during the life of the contracts, they could have explicitly stated so. *See id.* ("Because post-termination disputes are not expressly

6

excluded from the scope of the dispute resolution provisions of the contract, we must construe them as intended to be included.").

*Id.* at 453 (footnote omitted).

Considering the contract as a whole, we conclude that the arbitration provision survives Nguyen's termination. Because arbitration is a favored dispute resolution method, unless the contract expressly states that dispute resolution provisions do not survive the termination of the contract, the provisions should be enforced. In fact, arbitration is most likely needed when disputes on termination or breach of contract occur.

With respect to the remaining issues raised in this appeal, we affirm. The trial court erred in denying the motion to compel arbitration. We reverse and remand with instructions for the court to grant the motion.

*Reversed and remanded with instructions.*

CONNER, C.J., and LEVINE, J., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***